UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA POORE-RANDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | CASE NO. C16-5094 BHS <br><br> ORDER DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION, RESERVING RULING IN PART, AND REQUESTING A RESPONSE |

This matter comes before the Court on the motion for reconsideration of Plaintiffs Samantha Poore-Rando and Matthew Rando ("Plaintiffs"). Dkt. 56. The Court denies the motion in part for the reasons stated below.

Plaintiff Samantha Poore-Rando filed her complaint on February 6, 2016. Dkt. 1. Plaintiffs complain of complications, particularly an anastomotic leak, arising from a medical procedure for Ms. Poore-Rando which included the use of a surgical stapler manufactured by Defendant Ethicon Endo-Surgery, Inc. ("Ethicon"). *Id.* She brings claims against Ethicon asserting (1) products liability pursuant to the Washington Products Liability Act ("WPLA"), and (2) a tortious violation of her right to privacy.

Since the filing of the complaint, all defendants except for Ethicon have been dismissed. Dkts. 34, 43.

On July 13, 2017, Ethicon moved for summary judgment. Dkt. 44. On September 7, 2017, the Court entered an order granting and denying in part the motion. Dkt. 55. On September 20, 2017, Plaintiffs moved for reconsideration. Dkt. 56.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiffs ascribe two potential errors to the Court's previous decision. First, they argue that the Court erred in concluding that the Medwatch report issued on April 25, 2014, was generated as a result of Plaintiffs' attorney contacting Ethicon about the allegedly defective stapler. Dkt. 56 at 2–3. Specifically, they supplement the record with

emails indicating that their attorney's office contacted Ethicon by email on May 29, 2014 (Dkt. 57 at 9–10), but the initial Medwatch report was issued as early as April 25, 2014 (Dkt. 57 at 6).

By providing these emails, Plaintiffs seem to suggest that the first contact Plaintiffs' attorney's office had with Ethicon did not occur until May 29, 2014, and that the declaration of Kristi Geier relied upon in the Court's previous order was therefore inaccurate or false. However, the email provided with Plaintiffs' reconsideration motion indicates that their attorney's office actually contacted Ethicon prior to May 29, 2014, as the paralegal's email states: "Thank you for responding to my call to follow-up on the Poore-Rando claim." Dkt. 57 at 9. This statement in the May 29 email establishes that Plaintiff's attorney's office had already contacted Ethicon by telephone and further suggests that Plaintiffs had already submitted some sort of "claim" to Ethicon. Accordingly, Plaintiffs have failed to rebut Kristi Geier's affidavit explaining that the Medwatch report was generated in response to notice from a paralegal for Plaintiffs' counsel regarding a claim of an allegedly defective stapler, and the Court declines to reconsider its conclusion that the proffered hearsay statement of Dr. Sebesta lacks circumstantial guarantees of trustworthiness.

Second, Plaintiffs argue that the Court erred in concluding that Plaintiff "failed to submit any expert testimony to support a theory regarding how the design or construction of the stapler could have resulted in a misfire or improper staple formation . . . ." Dkt. 56 at 3 (quoting Dkt. 55 at 8). They draw the Court's attention to their expert disclosure and report that were filed on August 4, 2017, the same day as Ethicon's reply on summary

judgment, nearly a month after the deadline established in the Court's Rule 16 scheduling order. *See* Dkt. 49. In light of this report, the Court was mistaken in concluding that the record lacked such a report when it entered its order granting summary judgment. The expert report opines that Ms. Poore-Rando's anastomotic leak was the result of either an improper use of the stapler by Dr. Sebesta or a manufacturing defect in the stapler. Dkt. 50 at 10. Notably, Plaintiffs' expert witness also reported that, while the absence of the stapler itself prevented him from "render[ing] a specific reason for the anastomotic leak found after Ms. Poore-Rando's surgery, . . . [e]ither of these opinions will explain the unfortunate outcome . . . ." *Id.* at 10. Although Plaintiffs failed to reference or rely upon their expert witness's report when opposing summary judgment and the report was filed after the scheduled deadline, the Court is nonetheless inclined to conclude that, absent substantial prejudice to Ethicon, good cause exists to modify the scheduling order as necessary to receive and consider the expert report. *See* Dkt. 58 at 2–3.

"No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request." W.D. Wash. Local Rules LCR 7(h). In light of the expert report submitted on August 4, 2017, the Court requests that Ethicon submit a response on the following issues: (1) whether good cause exists under Rule 16(b) to amend the scheduling order as to permit the late filing of Plaintiffs' expert disclosure and report, and (2) whether the testimony included in the expert report creates a genuine dispute of material fact over the existence of a defect.

Based on the foregoing, Plaintiff's motion (Dkt. 56) is **DENIED in part** to the extent that it seeks reconsideration on the issue of whether the proffered hearsay statement of Dr. Sebesta is supported by circumstantial guarantees of trustworthiness and should be admitted under the residual exception of Fed. R. Evid. 807. The Court also **RESERVES ruling in part** and requests that Ethicon respond to the motion for reconsideration to the extent that Plaintiffs seek reconsideration on the basis that their late-filed expert report creates a genuine dispute over the alleged existence of a defect.

Ethicon may submit their response to the motion for reconsideration, not to exceed 20 pages, no later than October 16, 2017. Plaintiffs may submit a reply, not to exceed 10 pages, no later than October 20, 2017, on which date the motion will be renoted.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2017.

BENJAMIN H. SETTLE
United States District Judge