UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAMANTHA POORE-RANDO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | CASE NO. C16-5094 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Ethicon Endo-Surgery, Inc.'s ("Ethicon") motion for summary judgment. Dkt. 60. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. BACKGROUND

Plaintiff Samantha Poore-Rando filed her complaint on February 6, 2016. Dkt. 1. Plaintiff complained of complications, particularly an anastomotic leak, arising from a medical procedure which included the use of a surgical stapler manufactured by Ethicon. *Id.* Plaintiff's complaint included a claim against Ethicon premised on product liability

for an alleged defect in the stapler. Additionally, Plaintiff brought a claim against Ethicon asserting a tortious violation of her right to privacy. Since the filing of the complaint, all defendants except for Ethicon have been dismissed. Dkts. 34, 43.

On July 13, 2017, Ethicon moved for summary judgment on all of Plaintiff's claims. Dkt. 44. On September 7, 2017, the Court granted in part and denied in part the motion. Dkt. 55. Specifically, the Court granted Ethicon's motion by dismissing Plaintiff's product liability claim. *Id.*; *see also* Dkt. 75. The Court denied Ethicon's motion without prejudice in regard to Plaintiff's claim for invasion of privacy. Dkt. 55.

On September 28, 2017, Ethicon filed a renewed motion for summary judgment on Plaintiff's claim for invasion of privacy. Dkt. 60. On October 12, 2017, Plaintiff responded. Dkt. 66. On October 20, 2017, Ethicon replied. Dkt. 73.

## II. DISCUSSION

Ethicon moves for summary judgment on Plaintiff's remaining claim that Ethicon "violated plaintiff Samantha Poore-Rando's rights to privacy and physician/patient privilege by being present during the February 7, 2014 surgical procedure without plaintiff Samantha Poore-Rando's knowledge, waiver of the physician/patient privilege and/or consent." Dkt. 1 at 8. Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

Washington common law recognizes a "protectable interest in privacy [that] is generally held to involve four distinct types of invasion: intrusion, disclosure, false light

and appropriation." *Eastwood v. Cascade Broad. Co.*, 106 Wn.2d 466, 469 (1986). As noted in the Court's previous order, Plaintiff's claim that the presence of an Ethicon sales person at her surgery violated her right to privacy is a claim based on a theory of unlawful intrusion.

Under the intrusion theory, "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person. *Mark v. Seattle Times*, 96 Wn.2d 473, 497 (1981) (quoting Restatement (Second) of Torts § 652B (Am. Law Inst. 1977)). Washington courts have defined such a claim to require that a plaintiff establish the following elements:

> 1. An intentional intrusion, physically or otherwise, upon the solitude or seclusion of plaintiff, or his private affairs
> 2. With respect to the matter or affair which plaintiff claims was invaded, that plaintiff had a legitimate and reasonable expectation of privacy;
> 3. The intrusion would be highly offensive to a reasonable person; and
> 4. That the defendant's conduct was a proximate cause of damage to plaintiff.

*Doe v. Gonzaga Univ.*, 143 Wn.2d 687, 705–06 (2001), *reversed on other grounds*, 536 U.S. 273 (2002).

Ethicon argues for summary judgment on the basis that Plaintiff cannot show that Ms. Arielle Williams, a products representative for Ethicon, intentionally intruded on Plaintiff's private affairs. Dkt. 60. "[A]n actor commits an intentional intrusion only if he believes, or is substantially certain, that he lacks the necessary legal or personal

permission to commit the intrusive act." *O'Donnell v. United States*, 891 F.2d 1079, 1083 (3d Cir. 1989). Ethicon has presented evidence showing that Ms. Williams reasonably believed that her presence was supported by the necessary legal or personal permission. The record shows that Ms. Williams was present during Plaintiff's surgery pursuant to the invitation of Plaintiff's surgeon and the standard practices of the hospital where Plaintiff was admitted. Dkt. 61 at 11, 14; Dkt. 62 at 3. Ms. Williams was present to assist the surgical team as a consultant on a medical device employed in Plaintiff's surgery. Dkt. 62 at 2.

Plaintiff has failed to offer any evidence that creates a genuine dispute as to whether Ms. Williams believed she was authorized to be present during the surgery. In fact, to argue the existence of a factual dispute, Plaintiff claims that there is nothing on the record to "indicate that [Ms. Williams] either believed that she had the plaintiff's consent to be present, or that she believed she did not have plaintiff's consent." Dkt. 65 at 5. However, as stated above, the record does include evidence that Ms. Williams reasonably believed she was properly authorized to be present for the procedure. *See* Dkt. 61 at 11, 14; Dkt. 62. Plaintiff is correct, however, that there is no evidence on the record to support an inference that Ms. Williams believed that she lacked the necessary legal or personal permission to be present during the procedure.

Accordingly, the record on summary judgment shows that Ms. Williams was present pursuant to the invitation of the facility and surgeon responsible for Plaintiff's care, and there is no evidence to suggest that Ms. Williams believed that she lacked the necessary authorization to be present for the procedure. Under these facts, no rational

jury could conclude that Ms. Williams intentionally intruded upon Plaintiff's private affairs and Ethicon is entitled to summary judgment on Plaintiff's invasion of privacy claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ethicon's motion for summary judgment (Dkt. 44) is **GRANTED**. As no other claims remain before the Court, the Clerk shall enter judgment in favor of Ethicon and close this case.

Dated this 28th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge